UNITED STATES of America,
Plaintiff–Appellee,

v.

Francisco BETANCOURT–BETANC-
OURT, aka Francisco Bentacourt–
Bentacour, Defendant–Appellant.

No. 00–50464.

D.C. No. CR–00–00064–RMB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2001.

Submission deferred June 14, 2001.

Resubmitted May 20, 2002.

Before WARDLAW, PAEZ, and TALLMAN, Circuit Judges.

## ORDER

On June 12, 2001, this appeal was taken under submission following oral argument. Because its resolution depended on the outcome of two cases then pending before the Ninth Circuit, *United States v. Buckland*, No. 99–30285 and *United States v. Mendoza–Paz*, No. 00–50029, we withdrew submission of this appeal on June 14, 2001. We now submit this appeal for decision.

## MEMORANDUM *

Francisco Betancourt–Betancourt appeals his jury conviction for importation of, and possession with intent to distribute, approximately 162.5 pounds of marijuana in violation of 21 U.S.C. §§ 952, 960, & 841(a)(1). Betancourt attacks the constitutionality, following *Apprendi*, of 21 U.S.C. §§ 960 and 841, and claims that several evidentiary rulings made by the district court constitute reversible error. We affirm.

### I. Constitutionality of 21 U.S.C. §§ 960 and 841

Betancourt argues that we must reverse his conviction because 21 U.S.C. §§ 841 and 960 are unconstitutional in light of the Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by NINTH CIR. R. 36–3.

147 L.Ed.2d 435 (2000). Pursuant to our recent opinions in *United States v. Buckland,* 277 F.3d 1173 (9th Cir.2002) (en banc) and *United States v. Mendoza–Paz,* 286 F.3d 1104 (9th Cir.2002), we reject these claims.

## II. Testimony Regarding Witness Credibility

The district court's decision to admit evidence is reviewed for abuse of discretion. *United States v. Pino–Noriega,* 189 F.3d 1089, 1097 (9th Cir.1999). Where defense counsel has objected to alleged acts of prosecutorial misconduct at trial, we review for harmless error. *United States v. Cabrera,* 201 F.3d 1243, 1246 (9th Cir.2000). The district court's error will be reversed only if admission of the evidence more probably than not materially affected the verdict. *United States v. Binder,* 769 F.2d 595, 601–02 (9th Cir. 1985).

◼ We have held that "[t]he jury must decide a witness' credibility." *United States v. Candoli,* 870 F.2d 496, 506 (9th Cir.1989). Testimony regarding another witness's credibility is inadmissible. *United States v. Sanchez,* 176 F.3d 1214, 1220 (9th Cir.1999). Where "the jury already has all the information upon which the witness's opinion is based, the opinion is not admissible." *United States v. Henke,* 222 F.3d 633, 641 (9th Cir.2000).

The district court did not err when it allowed the prosecutor to question Betancourt about Garcia's testimony. Read in context, the prosecutor's question sought to clarify Betancourt's testimony rather than elicit an opinion regarding Garcia's credibility. Betancourt had just testified that he never told the inspectors the name "Molina" because he was interrupted. He then stated that he told the "person who searched me" that the full name was "Jesus Tirado Molina," but that the agent wrote down only "Jesus Tirado." By referring to Garcia's previous testimony, the prosecutor sought to clarify what Betancourt told Valencia (the first inspector to question him) and what he told Agent Garcia (who later interviewed him). As the district court ruled, this was appropriate cross-examination.

The cases cited by Betancourt do not require a contrary result. In both *Sanchez* and *Henke,* the prosecutor asked the defendant if a government witness *lied* on the stand. *Sanchez,* 176 F.3d at 1219; *Henke,* 222 F.3d at 643. Classifying someone as a *liar* connotes a value judgment, or opinion, about the veracity of that person's testimony. Here the prosecutor sought to clarify Betancourt's version of the event.

## III. Pretrial Identification Procedure

◼ We review the constitutionality of a pretrial identification procedure de novo. *United States v. Montgomery,* 150 F.3d 983, 992 (9th Cir.1998). A conviction based on eyewitness identification will only be set aside if the pretrial identification procedure "was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

"An identification procedure is suggestive when it 'emphasize[s] the focus upon a single individual' thereby increasing the likelihood of misidentification." *Montgomery,* 150 F.3d at 992 (citation omitted) (alterations in original). Agent Garcia told Ms. Ibarra about the case when she arrived at the border and showed her a picture of Betancourt, whom Garcia identified as the driver of the trailer containing marijuana. Ibarra was shown no other pictures, and was asked specifically whether she had seen Betancourt with Berajas at Ruso. This procedure was suggestive.

A suggestive identification procedure is considered unnecessarily suggestive when its use is not imperative. *Montgomery*, 150 F.3d at 992. The Government argues that when Ms. Ibarra arrived at the border there was no photo montage prepared, and because they would not have subpoena power over Ibarra (a Mexican citizen) after she departed the United States, it was imperative that they show her only a photograph of Betancourt. This argument lacks merit. Any inability to subpoena Ibarra is irrelevant since she cooperated, and the record is devoid of any permissible reason why the identification procedure focused only on Betancourt.

■ Use of an unnecessarily suggestive identification procedure, however, does not result in automatic exclusion of identification testimony. *Montgomery*, 150 F.3d at 993. And even if the evidence should have been excluded, a district court's error in admitting it does not necessarily warrant reversal.

Whether Ibarra's identification was sufficiently reliable or not, we hold that because there was other overwhelming evidence linking Betancourt to the crime, any potential error from the identification was harmless error beyond a reasonable doubt. *United States v. Faulkner*, 447 F.2d 869, 872 (9th Cir.1971) ("[Because] there was overwhelming additional evidence which linked appellant to the crimes charged ... any suggestiveness that resulted from the photo showup was clearly harmless beyond a reasonable doubt."). The circumstances under which Betancourt was arrested, the testimony of other witnesses, and his own inconsistent statements all weigh in favor of upholding his conviction.

## IV. Hearsay Objections

Whether the district court correctly construed the hearsay rule is a question of law reviewed de novo. *United States v. Olafson*, 213 F.3d 435, 441 (9th Cir.), *cert.*

*denied*, 531 U.S. 914, 121 S.Ct. 269, 148 L.Ed.2d 195 (2000). A district court's decision to admit evidence under a hearsay exception is reviewed for abuse of discretion. *Id.*

■ Business records are admissible under Federal Rule of Evidence 803(6) if the following foundational facts are proved by a qualified witness: 1) the records were made by a person with knowledge at or near the time of the incident; and 2) the records were kept in the course of a regularly conducted business. *United States v. Arias–Villanueva*, 998 F.2d 1491, 1503 (9th Cir.1993). Ibarra testified that 1) she is the manager of rentals at Ruso; 2) the rental agreements she produced were kept in the course of regularly conducted business; and 3) the agreements were made by persons with knowledge of the rentals and at the time of the transactions.

Betancourt focuses in particular on the agreement in which Berajas rented the trailer pulled by Betancourt at the time of his arrest. He contends that because there were no copies of Berajas's identification in the file containing this agreement, there was insufficient verification of Berajas's identity and the agreement should not have been admitted. This contention lacks merit. Ibarra testified that in her experience, a·lack of identification documents in the file indicates only that Berajas's name and identity had been verified for prior rentals, not that Ruso's identification procedures were not followed.

The rental agreements fall under the business record exception and were properly admitted. *See, e.g., United States v. Childs*, 5 F.3d 1328, 1333 (9th Cir.1993) (records admitted even though completed by other businesses and information was unverifiable); *Arias–Villanueva*, 998 F.2d at 1503 (business records exception applied even though manager did not know who prepared document or whether preparer really had knowledge of events).

The district court also admitted a Mexican police report regarding the alleged theft of the trailer. Betancourt again objects because there was no verification of the identity of the person who provided the information in the report. This argument lacks merit. The document was not being offered for the truth of the matter asserted (i.e., that a theft actually occurred), but instead for the limited purpose of explaining why Ibarra had telephone contact with Berajas after the trailer was seized at the border.

Finally, Betancourt objects to Ibarra's testimony that Berajas gave her the telephone number 89–09–46 and that she called that number several times and spoke to an individual who identified himself as Berajas. Again, this evidence was not offered for the truth of the matter asserted (i.e., that 89–09–46 is Berajas' phone number), but only to show what Ibarra experienced (i.e., that she was given a phone number which matched the number in Betancourt's address book, and that when she dialed the number she reached a person who identified himself as Berajas). We affirm the district court's evidentiary rulings.

### V. Surrebuttal

A district court acts within its discretion to deny surrebuttal testimony when the evidence sought to be presented would be cumulative. *United States v. Butcher*, 926 F.2d 811, 817 (9th Cir.1991). Betancourt thoroughly cross-examined Ibarra regarding both her identification of him and his investigator's visit to Ruso. By doing so, Betancourt elicited the same information he now claims his witness would have provided during surrebuttal.

Moreover, Betancourt's claim that Ibarra's testimony constituted "new evidence" is not supported by the record. While cross-examining Government witness Garcia, Betancourt's counsel inquired about both Ruso's rental company and about the person who had rented the trailer, Ruben Berajas. While cross-examining Betancourt, the Government pursued this line of questioning by asking Betancourt about Ruso and Berajas. Betancourt stated that he had never been to Ruso Rentals, that he did not know Berajas, and had never telephoned Berajas. The district court rightly held that the Government was entitled to present Ibarra's testimony in order to rebut Betancourt's denials, and that this testimony did not require surrebuttal.

### VI. Cumulative Error

In some cases, while no single error raised in an appeal warrants reversal, the cumulative effect of multiple errors still prejudices a defendant. *United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996). This is not such a case. We have rejected all of Betancourt's claims on appeal and reject his claim of cumulative error as well.

AFFIRMED.